IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **LORINE F. WAITS,**<br><br>Plaintiff,<br><br>v.<br><br>**MICHAEL B. DONLEY,**<br>**SECRETARY,**<br>**DEPARTMENT OF THE AIR**<br>**FORCE,**<br><br>Defendant. | Case No. 5:10CV144/RS/EMT |

## PRIVACY ACT PROTECTIVE ORDER

Pursuant to 5 U.S.C. § 552a(b)(11) and Rule 26(c) of the Federal Rules of Civil Procedure, Defendant's Consent Motion for Entry of Privacy Act Protective Order (Doc. 17) is **GRANTED**.

**IT IS ORDERED** that the terms and conditions of this Protective Order are as follows:

1. As used in this Protective Order, the term "confidential information" includes any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, her or his education, financial transactions, medical history, and criminal or employment history and

that contains her or his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph which is contained in a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual.  Such items, collections, or groupings of information may include, but are not limited to, documents contained in disciplinary files, official personnel folders, evaluation files, grievance files, training files, workers compensation files, medical files, promotion files and formal EEO complaint files, to the extent that such is relevant to the issues in the instant case.

2. Any and all counsel representing the Attorney General of the United States or any counsel from a United States Attorney's office may designate additional information or documents as being subject to this Order by letter to counsel for the Plaintiff.

3. Confidential information subject to this order may be used by Plaintiff's counsel, Defendant, and its counsel, solely for the purpose of litigating this case including introduction into evidence or use in discovery by the parties. Such use shall be consistent with the terms of this order.  Except as identified in Rule 5.2(a), Federal Rules of Civil Procedure, the confidential information shall

not be published to the general public in any form and may not be used for any business or commercial purpose.

4. Confidential information produced by Defendant pursuant to this protective order shall be produced in unredacted form to Plaintiff's counsel. Plaintiff's counsel may share copies of documents subject to the Privacy Act and this protective order with Plaintiff or with a third party witness *only* as necessary to further the litigation of this case. If Plaintiff's counsel determines that any of the documents subject to this order must be shared with Plaintiff or a third party witness to further the litigation of this case, Plaintiff's counsel shall be responsible for redacting the documents consistent with the requirements of the Privacy Act and this order prior to sharing them. Information that shall be redacted includes all information identified in Rule 5.2(a), Federal Rules of Civil Procedure, in addition to home addresses and personal telephone numbers.

5. Plaintiff's counsel's right of access to the unredacted confidential information subject to this Order shall be limited to counsel, and paralegal, secretarial and clerical personnel in their employ. The confidential information may be shown to the Plaintiff or third party witnesses for deposition and trial preparation only in redacted form and only to the extent necessary to further the litigation of this case.

6. Plaintiff's counsel shall return to Defendant all documents subject to this Order within 30 days of a final judgment or dismissal of this action. In the alternative, Plaintiff's counsel may certify in writing that the documents have been destroyed. Further, Plaintiff's counsel must certify in writing that any documents shared with the Plaintiff or a third party witness have been returned to Plaintiff's counsel and that the Plaintiff and each witness has certified they have retained no copies of, or notes derived from, the documents.

7. If a copy of any document subject to this order is to be introduced at trial or made an exhibit to any deposition in this matter, the copy shall be in redacted form consistent with Rule 5.2(a), Federal Rules of Civil Procedure and the party introducing the document shall be responsible for making the redactions, unless otherwise directed or approved by the Court.

8. Confidential information shall not be disclosed in any manner or to any person inconsistent with the terms of this order.

9. Nothing in this Order precludes disclosure of documents subject to this Order to any Judge, Magistrate, or employee of the Court for purposes of this action.

10. This Order is without prejudice to the rights of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or any statute or other authority. Further, objections based on the Privacy Act, and

the right to contest those objections, are preserved for the production or release of documents in those instances where the Defendant contends the production or release would be an unwarranted invasion of privacy. If necessary to resolve such a dispute, the Court will review the documents in camera, and determine their status by separate order after briefing by the parties regarding the disputed documents.

**ORDERED** on February 11, 2011

/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**